**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,  No. 16-20218

   Plaintiff,    HON. VICTORIA A. ROBERTS

v.

          Offenses:

D-1  NORMAN SHY,    Count 1:  18 U.S.C. §§ 371 and 666
              Conspiracy to Commit
   Defendant.     Federal Program Bribery

          Count 2:  26 U.S.C. § 7201
              Federal Income Tax Evasion

          **Maximum Penalty:**
          Count 1:  5 years
          Count 2:  5 years

          **Mandatory Minimum Penalty:**
          Count 1:  N/A
          Count 2:  N/A

          **Maximum Fine:**
          Count 1:  $250,000
          Count 2:  $100,000, together with the
             costs of prosecution

          **Mandatory Supervised Release:**
          Count 1:  Up to three years

---

**Rule 11 Plea Agreement**

---

- 1 -



Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant NORMAN SHY and the government agree as follows:

1.   **Guilty Plea**

A.   **Counts of Conviction**

Defendant will enter pleas of guilty to Counts One and Two of the Information, which charge him with Conspiracy to Commit Federal Program Bribery, in violation of 18 U.S.C. §§ 371 and 666, and Federal Income Tax Evasion, in violation of 26 U.S.C. § 7201.

B.   **Elements of Offenses**

The elements of Count One are as follows:

**COUNT ONE: Conspiracy to Commit Federal Program Bribery**

(1) Two or more persons conspired, or agreed, to commit the crime of program bribery upon the Detroit Public Schools ("DPS"), a program receiving in excess of $10,000 in federal funding in a one year period;

(2) The defendant knowingly and voluntarily joined the conspiracy; and

(3) A member of the conspiracy committed one of the overt acts described in the Information.

The elements of the crime which was the object of the conspiracy alleged in Count One are:

(1) At the time alleged in the Information, the defendant (or a co-conspirator)

- 2 -

was an agent of a local government agency such as the DPS, which receives federal funding in excess of $10,000 in a one year period;

(2) The defendant (or a co-conspirator) corruptly received something of value, to-wit: checks from SHY payable to contractors who performed work on Flowers' personal residence, checks from SHY payable to Flowers' company and prepaid gift cards, as an agent of the DPS, with intent to be influenced and rewarded, concerning a transaction or series of transactions;

(3) The transaction or series of transactions had a value of $5,000 or more; and

(4) was controlled by the DPS.

**COUNT TWO: Federal Income Tax Evasion**

(1) The defendant had a substantial income tax deficiency in tax year 2011;

(2) The defendant made an affirmative attempt to evade or defeat the payment of the income tax; and

(3) The defendant acted willfully.

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty pleas:

From at least February 2009 through at least January 2015, defendant NORMAN SHY operated a company called "Allstate Sales, Inc." which enjoyed

- 3 -

approved vendor status with DPS, a local governmental agency, which received more than $10,000 in federal funding during any 12-month period from 2009 through 2015. DPS employed various individuals as administrators and as high school principals, and gave these administrators and principals the authority to select approved vendors to provide school supplies and services. NORMAN SHY, operating Allstate Sales, Inc., was an approved DPS vendor who engaged in a series of transactions with DPS schools, which involved $5,000 or more.

SHY paid DPS principal and later Assistant Superintendent Clara Flowers kickbacks in return for her selection and retention of SHY as a vendor for school supplies, including paper. SHY knowingly submitted fraudulent invoices to Flowers for supplies never delivered to DPS schools. Flowers, knowing that the invoices were fraudulent, approved and submitted, or caused to be approved and submitted, SHY's invoices to DPS for payment. As a result, DPS unwittingly paid SHY for goods never delivered to DPS schools.

In return for Flowers' agreement to approve and submit SHY's fraudulent invoices, SHY paid kickbacks to Flowers, in the form of checks payable to contractors who performed work on Flowers' personal residence, checks payable to FLOWERS' travel agency business, and prepaid gift cards. From at least February 2009 through January 2015, SHY paid Flowers kickbacks totaling approximately $324,785.

- 4 -

During that same timeframe, SHY also had similar kickback agreements with numerous other DPS principals. SHY paid a total of over $908,000 in kickbacks to Flowers and other DPS principals who selected him as their school vendor and who knowingly approved and submitted SHY's fraudulent invoices. SHY obtained a total of over $2.7 million dollars from DPS for goods he never delivered.

SHY failed to report unlawful income in his 2011 Form 1040 U.S. Individual Income Tax Return. IRS investigation and analysis reflects that he underpaid income tax due and owing in the amount of $51,667. SHY's failure to report this income was willful.

## 2. Sentencing Guidelines

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 70-87 months, as set forth on the attached worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. That the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 70-87 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.     **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

- 6 -

## A.   Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

## B.   Supervised Release

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is up to three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

## C.   Special Assessment

Defendant will pay a special assessment of $200 and must provide the government with a receipt for the payment before sentence is imposed.

## D.   Fines

There is no agreement as to fines.

## E.   Restitution

The Court shall order restitution to every identifiable victim of defendant's offense.  The victim and the amount of restitution in this case, are as follows: Detroit Public Schools, $2,768,846.93; and the Internal Revenue Service, $51,667.

- 7 -

F.    **Forfeiture**

Pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), defendant agrees to forfeit to the United States all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to defendant's Conspiracy to Commit Federal Program Bribery, in violation of 18 U.S.C. §§ 371, 666(a)(1)(B), as charged in Count One of the Information, including, but not limited to the following:

a.    All Funds on Deposit in Charles Schwab & Co.: (a) Account Number 8142-9439 and (b) Account Number 4166-4404;

b.    All Funds on Deposit in Comerica Bank: (a) Account Number 533047585 and (b) Account Number 1851341063;

c.    All Funds on Deposit in Merrill Lynch, Pierce, Fenner & Smith, Inc.: (a) Account Number 695-35609 and (b) Account Number 695-35710;

d.    Real Property located at 32679 Brookwood Lane, Franklin, Michigan and being more fully described as: Unit Number 14 CRESSBROOK, a condominium according to the Master Deed recorded in Liber 27695, pages 127 through 185, inclusive, Oakland County Records, and designated as Oakland County Condominium Subdivision Plan No. 1499, together with rights in general common elements and limited common elements as set forth in the above described Master Deed and

- 8 -

Amendments thereto and as disclosed by Act 59 of the Public Acts of 1978, as amended; commonly known as: 32679 Brookwood Lane, Franklin, MI; Parcel ID: 24-06-227-030; titled to Shy Investments, LLC; and

e. Real Property located at 433 Fox Hills Drive S, Apt 5, Bloomfield Hills, Michigan and being more fully described as: Unit No. 298, FOX HILLS CONDOMINIUM, a Condominium according to the Master Deed recorded in Liber 21164, Pages 606 through 675, as amended, and designated as Oakland County Condominium Subdivision Plan No. 1240, last amendment amended in Liber 28502, page 617, together with rights in the general common elements and the limited common elements as shown on the Master Deed and as described in Act 59 of the Public Acts of 1978, as amended; commonly known as: 433 Fox Hills Drive S, Apt. 5, Bloomfield Hills, MI 48304; Parcel ID: 19-02-303-298; titled to Shy Investments, LLC.

(hereinafter collectively referred to as the "Subject Property").

Defendant also agrees to the entry of a personal forfeiture money judgment against him in favor of the United States in the amount of $2,768,846.93, which constitutes amounts obtained or derived from the proceeds obtained, directly or

- 9 -

indirectly, from the crime defendant committed as charged in Count One, and defendant will be ordered to pay that amount under Fed. R. Crim. P. 32.2.

Defendant agrees that the Subject Property constitutes or is derived from proceeds traceable to defendant's violation of 18 U.S.C. §§ 371, 666(a)(1)(B), as charged in Count One and there is a substantial nexus between his violation of Count One and the Subject Property.

Defendant agrees to the entry of one or more orders of forfeiture incorporating the forfeiture of the Subject Property and the above referenced money judgment, including the Court's prompt entry of a Preliminary Order of Forfeiture, following defendant's guilty plea, upon application by the United States at, or any time before, his sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the Government.

Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of defendant. To satisfy the money judgment, defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The amount *owed* by defendant on the money judgment will be reduced by the amounts

obtained by the United States as a result of successfully and finally forfeiting the above referenced property.

Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature or form, in the assets which defendant has agreed to forfeit, disgorge, transfer, or surrender, and any other assets, including real and personal property, cash, and other monetary instruments, wherever located, which defendant or others to his knowledge have accumulated as a result of illegal activities alleged in Count One. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, disgorgement, transfer, or surrender.

Defendant further agrees to identify all assets over which he exercises control, directly or indirectly, or has exercised such control, within the past five years. Defendant also agrees to identify all assets in which he has or had during that time any financial interest and to provide all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property. Defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of

- 11 -

assets owned at any time by defendant. He also agrees to undergo any polygraph examination the government may choose to administer concerning such assets and to provide and/or consent to the release of his tax returns for the previous five years.

Pursuant to 21 U.S.C. §853(p), if, by any act or omission of defendant, the Subject Property cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, defendant agrees to the forfeiture of any of his other real or personal property, up to the value of such unavailable assets.

Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule ll(b)(l)(J), at the time his guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, any Double Jeopardy challenge and

any challenge that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant agrees to take all steps as requested by the United States to pass his ownership interest in forfeitable assets to the United States, including taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant further agrees that he will not assist any third party in asserting a claim to the Subject Property in any forfeiture proceeding (judicial or non-judicial) and that he will testify truthfully in any judicial forfeiture proceeding if requested to do so by the government.

If any other person or entity has any interest in any of the Subject Property, defendant will assist in obtaining a release of interest from any such other person or entity, including but not limited to obtaining a release of interest from Worldwide Sales, Allstate Sales, Inc., and Shy Investments, LLC. Furthermore, defendant agrees, on behalf of all of his companies, including, but not limited to, Worldwide Sales, Allstate Sales, Inc., and Shy Investments, LLC, that each of them withdraws any and all claims and petitions filed with any federal agency and agrees that these companies will not contest the forfeiture of any of the Subject Property; and defendant, on behalf of his companies, including, but not limited to those listed in

- 13 -

this paragraph, hereby releases and abandons their interests, if any, in any of the Subject Property.

Defendant further agrees to hold the United States and its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of property covered by this Plea Agreement.

4.      Non-Abatement of Criminal Forfeiture: Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors, and assigns until the agreed forfeiture, including the money judgment amount, is collected in full.

5.      **Filing of Return**

Defendant and his spouse will execute IRS Form 870 which encompasses tax years 2009 through 2013, and agree to the tax, penalties and interest calculations as prepared by the IRS.  In the event that Defendant and/or his spouse pay any or all of the full balances due for tax years 2009 through 2013 within 45 days or thereafter of signing the Form 870, then no amended IRS tax returns for years 2009 to 2013 will be required, and the additional obligations including IRS interviews or audits and

execution of IRS Forms as set forth in Paragraphs 5A and 5B of this Plea Agreement will not be applicable to Defendant.

Otherwise, the defendant agrees to file accurate individual (and corporate, if applicable) income tax returns (original or amended) for the tax year 2011 prior to the time of sentencing. Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to the defendant's returns after they are filed.

Upon request, defendant will make himself available to the Internal Revenue Service for a face to face interview and will provide the IRS with all documentation requested for the purpose of a civil audit.

## A. Cooperation with the Internal Revenue Service

The defendant agrees to cooperate with the Internal Revenue Service in the determination of the defendant's income tax liability for the tax year 2011. Cooperation is defined to include the following:

1. Face to face interview with a representative of the Internal Revenue Service Examination Division within 60 days of sentencing or at a time set by the examining agent.

2. At the request of the Internal Revenue Service, the defendant will provide source documentation relevant to the return at issue. Source documentation includes, but is not limited to, bank records

- 15 -

including checks, books and records of related businesses, substantiation for deductions and expenses claimed, names and addresses of individuals for which payments were made, and investment records.

**B.     Internal Revenue Service Forms**

1.   The defendant agrees to submit prior to the sentencing, Form 433-A, Collection Information Statement for Wage Earners and Self Employed Individuals, and if applicable, Form 433-B, Collection Information Statement for Businesses.

2.   The defendant agrees to submit prior to the sentencing, a Consent to Disclose Taxpayer Information for the year at issue and subsequent years to allow the Internal Revenue Service to disclose taxpayer information of the defendant to the United States Attorney's Office for the Eastern District of Michigan and the United States Probation Department.

The government will provide the above IRS forms to the defendant or his attorney.

## 6. Other Charges

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

## 7. Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 8. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 87 months, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 70 months, the government waives any right it may have to appeal the defendant's sentence.

Nothing in this waiver bars a claim of ineffective assistance of counsel on appeal or by Collateral Relief under 28 U.S.C. § 2255.

9.     **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10.    **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11.    **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other

- 18 -

promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12.     **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by 5:00 P.M. on April 29, 2016. The government

reserves the right to modify or revoke this offer at any time before defendant pleads

guilty.

BARBARA L. MCQUADE
United States Attorney


_____
DAVID A. GARDEY
Assistant United States Attorney
Chief, Public Corruption Unit

J. MICHAEL BUCKLEY
Assistant United States Attorney


_____
FRANCES LEE CARLSON
Assistant United States Attorney

Date: February 22, 2016

By signing below, defendant acknowledges that he has read (or been read) this
entire document, understands it, and agrees to its terms. He also acknowledges that
he is satisfied with his attorney's advice and representation. Defendant agrees that
he has had a full and complete opportunity to confer with his lawyer, and has had
all of his questions answered by his lawyer.


_____
CHRISTOPHER A. ANDREOFF
Attorney for Defendant

NORMAN SHY
Defendant


_____April 29, 2016_____
Date

_____April 29, 2016_____
Date

- 20 -

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.   **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2C1.1(a)(2) | Offering/giving a bribe | 12 |
| 2C1.1(b)(1) | Offense involved more than one bribe | 2 |
| 2C1.1(b)(2) | Value of bribe [2B1.1(b)(1)(I) >$1.5 million but <$3.5 million] | 16 |
| | | |
| | | |

2.   **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

<div style="border:1px solid black; display:inline-block; padding:10px;">30</div>

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

| |
|---|
| |
| ✓ |

A-2

| Defendant: | Norman Shy | Count: | Two |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 26/7201 |

## DEFENDANT'S WORKSHEET ADDENDUM

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2T1.1(a)(1) | | |
| 2T4.1(E) | Tax loss  > $30,000     <$80,000 | 14 |
| 2T1.1(b)(1) | > $10,000 income by illegal means | 2 |
| 2T1.1(b)(2) | Sophisticated means | 2 |
| | | |

2.    ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |

3.    ADJUSTED OFFENSE LEVEL                                                                          18

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

4.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY
      (U.S.S.G. § 3E1.1)

5.    TOTAL OFFENSE LEVEL                                                                               18

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

## WORKSHEET B (Multiple Counts)

**Instructions** (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S)  One
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S)  Two
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S)
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S)
   ADJUSTED OFFENSE LEVEL

| | |
|---|---|
| 30 | 1 unit |
| 18 | 0 unit |
| | unit |
| | unit |

5. **TOTAL UNITS**

| |
|---|
| 1 units |

B-1

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

6. **INCREASE IN OFFENSE LEVEL**

| | |
|---|---|
| 1 unit $\longrightarrow$ no increase | 2 1/2 – 3 units $\longrightarrow$ add 3 levels |
| 1 1/2 units $\longrightarrow$ add 1 level | 3 1/2 – 5 units $\longrightarrow$ add 4 levels |
| 2 units $\longrightarrow$ add 2 levels | > 5 levels $\longrightarrow$ add 5 levels |

0

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

30

8. **COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

30

B-2

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):_____

## 1. PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**     **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**     **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**     **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

**2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**
Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

**3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

**4. TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

**0**

**5. CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

**I**

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   | 30 |

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   | -3 |

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   | 27 |

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   | I |

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   |  |

   b. Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal  provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

   |  |

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   | 70-87 |

   months

D-1

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

D-2

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

# <u>WORKSHEET E (Authorized Guideline Sentences)</u>

## 1. PROBATION
a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

[X] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

[ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

[ ] 2. No more than 3 years (total offense level < 6).

c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

## 2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))

[X] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

## 3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)
A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

4.   **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

   a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)
      The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

   ☐   1.   At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment $\geq 25$ years.

   ☒   2.   At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment $\geq 5$ years but $< 25$ years.

   ☐   3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment $> 6$ months but $< 5$ years.

   ☐   4.   The statute of conviction requires a minimum term of supervised release of ▭ years.

   c.   Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

      The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.   **RESTITUTION (U.S.S.G. § 5E1.1)**

   ☐   1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

   ☒   2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $2,820,513.93          .

E-2

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐ 5. Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $25,000 | $250,000 |

| Defendant: | Norman Shy | Count: | One |
|---|---|---|---|
| Docket No.: | 16-20218 | Statute(s): | 18 U.S.C. §§ 371 and 666 |

**7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $200_____.

**8. FORFEITURE (U.S.S.G. § 5E1.4)**

[X] Assets of the defendant will be forfeited.

[ ] Assets of the defendant will not be forfeited.

**9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

**10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

E-4

(Rev. April 2014)