UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                   No.    16-20218

        Plaintiff,                         HON. VICTORIA A. ROBERTS

v.

D-1    NORMAN SHY,

        Defendant.

_____/

## APPLICATION FOR ENTRY OF PRELIMINARY ORDER OF **FORFEITURE**

The United States of America, by and through its attorneys, Barbara L. McQuade, United States Attorney, and Paul A. Kuebler, Assistant United States Attorney, applies for the entry of a Preliminary Order of Forfeiture in this matter. The government states the following in support of this Application:

1.     An Information was filed on March 29, 2016 charging Defendant with federal violations including Conspiracy to Commit Federal Program Bribery in violation of 18 U.S.C. §§ 371, 666(a)(1)(B) (Count One).  (Dkt. #1).

2.     The Information contains forfeiture allegations providing notice of the government's intention to seek forfeiture to the United States of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of Defendant's offenses.

1

3. The Information also contains forfeiture allegations providing notice of the government's intention to seek a money judgment in favor of the United States in the amount representing the total amount of gross proceeds traceable to the commission of Defendant's offenses.

4. Defendant entered into a Rule 11 Plea Agreement on April 29, 2016 ("Rule 11") and pled guilty to Count One of the Information on May 11, 2016.

5. Pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), Defendant agreed in the Rule 11 to forfeit to the United States all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to defendant's Conspiracy to Commit Federal Program Bribery, in violation of 18 U.S.C. §§ 371, 666(a)(1)(B), as charged in Count One of the Information, including, but not limited to, the specific assets listed as "a." through "e." on pages 8 through 9 of the Rule 11.

6. The specific assets listed as "b." on page 8 of the Rule 11 ("All Funds on Deposit in Comerica Bank: (a) Account Number 533047585 and (b) Account Number 1851341063) (referred to hereinafter as the "Administratively Forfeited Assets") have already been forfeited in an administrative forfeiture proceeding conducted by the FBI, and therefore, there is no need to obtain a judicial order to forfeit those assets. Accordingly, the government is not seeking to include the Administratively Forfeited Assets in the Preliminary Order of Forfeiture.

2

7.      The specific assets listed as "a." and "c." through "e." on pages 8 through 9 of the Rule 11 are hereinafter referred to as the "Subject Property." Defendant agreed in the Rule 11 that Subject Property constitutes or is derived from proceeds traceable to Defendant's Conspiracy to Commit Federal Program Bribery, in violation of 18 U.S.C. §§ 371, 666(a)(1)(B), as charged in Count One of the Information and that there is a substantial nexus between his violation of Count One and the Subject Property.  The government seeks by this application to forfeit the Subject Property pursuant to Defendant's agreement in the Rule 11 to forfeit to the United States his interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to Defendant's Conspiracy to Commit Federal Program Bribery, in violation of 18 U.S.C. §§ 371, 666(a)(1)(B), as charged in Count One of the Information.

8.      Defendant also agreed in his Rule 11 to the entry of a personal forfeiture money judgment against him in favor of the United States in the amount of $2,768,846.943, which constitutes amounts obtained or derived from the proceeds obtained, directly or indirectly, from the crime Defendant committed as charged in Count One.  Defendant also agreed in his Rule 11 that the money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant.  To satisfy the money judgment, Defendant also agreed in his Rule 11 to the forfeiture of any assets he has now, or may later

3

acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The amount *owed* by Defendant on the money judgment will be reduced by the amounts obtained by the United States as a result of successfully and finally forfeiting the Subject Property and Administratively Forfeited Assets.

9. Defendant also agreed in the Rule 11 to the Court's prompt entry of a Preliminary Order of Forfeiture, following Defendant's guilty plea, upon application of the government at, or any time before, his sentencing in this case, as mandated by Fed. R. Crim. P. 32.2.

10. With regard to forfeiture, Fed. R. Crim. P. 32.2(b)(1)(A) provides, in relevant part, that:

> *As soon as practical* after . . . a plea of guilty . . . is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute . . . . If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

11. Fed. R. Crim. P. 32.2(b)(1)(B) provides that "[t] the court's determination [of property subject to forfeiture] may be based on evidence already in the record, *including any written plea agreement* . . . ."

12. Fed. R. Crim. P. 32.2(b)(2)(A) provides for entry of a preliminary order of forfeiture, stating that:

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture *setting forth the amount of any money judgment, directing the forfeiture of specific property*, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

13.     Fed. R. Crim. P. 32.2 (b)(2)(B) provides the timing for the entry of the preliminary order of forfeiture, as follows:

> Unless doing so is impractical, the court must enter the preliminary order *sufficiently in advance of sentencing* to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant.

14.     Fed. R. Crim. P. 32.2 (c)(2) provides that "[i]f no third party files a timely petition, the preliminary order becomes the final order of forfeiture . . . ."

15.     Any claims by any third parties with respect to the Subject Property will be resolved under the procedures set forth in 21 U.S.C. § 853(n), which procedures are specifically incorporated into the proposed Preliminary Order of Forfeiture.

16.     Defendant agreed in his Rule 11 to the entry of a Preliminary Order of Forfeiture incorporating forfeiture.  Nevertheless, government counsel sent Defendant's attorney, Christopher A. Andreoff, a copy of this Application and the proposed Preliminary Order of Forfeiture via email and asked if he concurred with this Application or the proposed Preliminary Order of Forfeiture.  As of the filing of this Application, government counsel has been unable to obtain concurrence from Defendant's counsel.

17.     Based upon the foregoing and the record in this case, the United States respectfully requests this Court to enter the proposed Preliminary Order of Forfeiture against Defendant, which will be submitted via ECF Utilities.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

*s/ Paul A. Kuebler*
PAUL A. KUEBLER
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9641
paul.kuebler@usdoj.gov
Dated: May 26, 2016                             NY Bar. No. 4268561

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2016, the Application for Entry of Preliminary Order of Forfeiture, was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the counsel of record for the captioned defendant as identified on ECF.

> *s/ Paul A. Kuebler*
> PAUL A. KUEBLER
> Assistant United States Attorney
> 211 W. Fort St., Ste. 2001
> Detroit, MI 48226
> (313) 226-9641
> paul.kuebler@usdoj.gov
> NY Bar. No. 4268561

7